FILED
SUPERIOR COURT
OF GUAM

2022 NOV 14 PM 2: 21

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **BANK OF GUAM,** | **CIVIL CASE NO. CV0925-21** |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| **JESSE PAUL A. BAZA,** | |
| **Defendant.** | |

This matter came before the Honorable Dana A. Gutierrez on June 28, 2022 and continued on August 16, 2022 for a hearing on Plaintiff Bank of Guam's ("Plaintiff") Motion for Summary Judgment ("Motion"). Present via Zoom on June 28, 2022 were Attorney Georgette Concepcion representing Plaintiff and Attorney Vanessa Williams representing Defendant Jesse Paul A. Baza ("Defendant"). Present via Zoom on August 16, 2022 were Attorney Terry Brooks representing Plaintiff, Bank of Guam Representative Angelica Roque, and Attorney Darlene Balagot representing Defendant. After hearing oral argument on the Motion from the Plaintiff,[1] the Court took the matter under advisement. After reviewing the record and relevant law, the Court finds that Defendant failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore **GRANTED**.

---

[1] Although Attorney Williams was present on behalf of Defendant on June 28, 2022 and Attorney Balagot was present on August 16, 2022, the Defendant did not file an Opposition to the Motion and did not present argument at the hearings.

## UNDISPUTED FACTS

Plaintiff holds a Promissory Note ("Note") executed by Defendant. Adawag Decl., at ¶ 3 (Mar. 9, 2022) (hereinafter "Adawag Decl."); Deft.'s Answer, at ¶ 2 (Feb. 9, 2022) (admitting that Plaintiff holds the Note). Plaintiff alleges that Defendant failed to make payments on the account for the principal balance of $43,748.42; accrued interest of $524.38; plus interest at a rate of 12.5% *per annum* from November 3, 2021 until the date of judgment; and reasonable attorneys fees in an amount not to exceed 15% of the principal amount due. Adawag Decl., at ¶ 8.[2] Defendant admits that he failed to make the required payments. Deft.'s Answer ¶ 3. While Defendant asserts that he is without sufficient knowledge as to the balance due, he offers no alternative calculations as to the amount due. *Id.*

## DISCUSSION

Under Rule 56(a) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." The court may rely upon a declaration to support the motion so long as it is "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." GRCP 56(c)(4). If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then

---

[2] The Court notes that there were different dates for the start of interest accrual stated in the Complaint and in the Motion. At the continued Motion hearing on August 16, 2022, the Plaintiff confirmed that interest accrued commencing November 3, 2021, as reflected in the Declaration of Christopher Adawag. Min. Entry 9:45:38-9:45:42 AM (Aug. 16, 2022).

summary judgment is required. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Flores*, 2004 Guam 25 ¶ 7.

Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 30 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9 (citing *John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994)). Contract language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (citing 18 GCA § 87102).

Here, it is undisputed that Defendant executed the Note and that he failed to make the required payments. Adawag Decl., ¶¶ 3 and 5; Deft.'s Answer ¶¶ 2-3. Because failing to make

payments required by the Note constitutes "Payment Default," according to the Note's "Default" provision, Plaintiff is permitted to declare the immediate payment of the entire unpaid principal balance under the Note and all accrued unpaid interest due. Adawag Decl., at Exhibit 1. Accordingly, upon acceleration, Defendant was obligated to pay the entire unpaid principal balance and accrued interest. *Id.*

Plaintiff's calculations are supported by its evidence and are undisputed. The Note indicated the execution date as June 12, 2019, at which time Plaintiff lent Defendant $50,000.00 at an annual percentage rate of 12.5%. Adawag Decl., at Exhibit 1. The payment schedule required Defendant to pay 71 payments of $993.68 beginning July 20, 2019, and one last irregular payment of $994.14. *Id.* Defendant made some payments toward the principal balance, however, the principal balance due is $43,748.42. Adawag Decl., at ¶ 6. Because Defendant provides no evidence of alternative calculations or to establish an issue of material fact as to the principal balance owed, the Court finds that at the time Defendant defaulted, the balance due on the Note was $43,748.42.

As to the issue of interest, the Note's "Payment" provision provides that Defendant promised to pay the "principal and all accrued interest not yet paid." Adawag Decl., at Exhibit 1. The interest rate indicated in the Note is 12.5%. *Id.* Additionally, the "Lender's Rights" provision in the Note states that "[u]pon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due[.]" *Id.* As Defendant provides no evidence refuting the plain language of the Note, the Court finds no issue of material fact as to Defendant's obligation to pay the interest accrued prior to default.

With regard to the additional interest, the Note's "Interest After Default" provision provides that "because of [Defendant's] default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note." *Id.* The interest rate indicated in the Note is 12.5%. *Id.* The declaration of Christopher Adawag states that the additional interest accrues until Judgment is entered. Adawag Decl., at ¶ 8. Accordingly, the Court finds no issue of material fact as to whether Defendant is obligated to pay the additional interest that accrues on the total sum due upon his default at a rate of 12.5% from November 3, 2021 until Judgment is entered. Adawag Decl., at ¶ 8.

Lastly, regarding reasonable attorney fees due, the Note's "Attorneys' Fees; Expenses" provision clearly indicates that "[Plaintiff] may . . . pay someone . . . to help collect this Note if [Defendant] does not pay. [Defendant] will pay [Plaintiff] that amount. This includes [Plaintiff's] reasonable attorneys' fees and . . . legal expenses . . . not to exceed 15% of the unpaid debt after default[.]" Adawag Decl., at Exhibit 1. Defendant does not dispute this potential obligation. Therefore, the Court finds no issue of material fact as to whether Defendant is obligated to pay reasonable attorney fees and expenses incurred by Plaintiff in collecting on the Note, not to exceed 15% of the unpaid debt after default.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment as to Plaintiff's claim for the unpaid balance of $43,748.42; interest of $524.38; additional interest that accrues from November 3, 2021 until judgment is entered at the rate of 12.5%; and reasonable attorneys' fees and expenses, not to exceed 15% of the unpaid debt after default.[3]

---

[3] Plaintiff also seeks an award for post-judgment costs. Mot., at 5. This request is premature until such costs have been incurred.

The Court further **ORDERS** that:

1.      Plaintiff shall submit a proposed judgment reflecting the amounts deemed undisputed within fourteen (14) days of entry of this Decision and Order; and

2.      Any amount sought to be awarded as attorneys' fees must be supported by affidavit or other admissible evidence.

SO ORDERED, this 14th day of November, 2022.

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam

SERVICE
I acknowledge that an electronic
copy of the original was e-mailed to:

BROOKS

V. Williams

Date:_____ Time:____11/14/22

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

6